**TAMBRANDS, INC.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1990.
Decided Aug. 7, 1991.

James G. Good (orally), John R. Goldsbury, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Michael Carpenter, Atty. Gen., Clifford B. Olson (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

From a summary judgment entered in the Superior Court (Kennebec County, *Silsby, J.*) in favor of the State Tax Assessor, Tambrands, Inc. appeals, challenging the constitutionality of the Maine corporate income tax assessed against Tambrands in 1984.

Tambrands is a Delaware corporation, with its headquarters and commercial domicile in New York. In 1984, Tambrands produced feminine protection products at its facility in Auburn, and distributed its products for sale throughout Maine. In addition to pursuing similar activities in other states, Tambrands had foreign affiliates in Canada, France and the United Kingdom (the Foreign Affiliates). Tambrands received $7,493,965 in dividends in 1984 paid from earnings of the Foreign Affiliates. Those dividends paid by the Foreign Affiliates to Tambrands were included by the Assessor in the business income of Tambrands to be apportioned for income tax purposes. The income was apportioned pursuant to a formula used by the Assessor to determine the portion of Tambrands' income that is taxable in Maine. It is the exclusion from the apportionment formula of certain factors relating to the Foreign Affiliates that generates the constitutional issue presented in this case.

Tambrands and its affiliates constitute an integrated unitary business. *See* 36 M.R.S.A. § 5102(10–A) (1990).[1] Maine employs a unitary business/formula apportionment method to determine the portion

---

1. 36 M.R.S.A. § 5102(10–A) defines a unitary business as "a business activity which is characterized by unity of ownership, functional integration, centralization of management and economies of scale." Tambrands' Foreign Affiliates carry out the same production as does its domestic divisions, and Tambrands' home office performs the same functions for the Foreign Affiliates as it does for Tambrands' domestic divisions.

of the income of a corporation subject to taxation in more than one state or jurisdiction that is attributable to the corporation's business activity in Maine. That Maine-attributable income is taxed as Maine income. This unitary business/formula apportionment method is modeled on the Uniform Division of Income for Tax Purposes Act (UDITPA). 36 M.R.S.A. §§ 5102, 5211 (1984), *amended by* P.L.1987, ch. 841, §§ 2, 10–13; *see Container Corp. of America v. Franchise Tax Bd.*, 463 U.S. 159, 165, 103 S.Ct. 2933, 2940, 77 L.Ed.2d 545 (1983).

This method of taxation first defines the scope of the unitary business of which the corporation's activities within Maine form a part. Under the statute in effect in 1984, that part of the federal taxable income of the unitary business classified as "business income" was apportioned to Maine through the use of a three-factor formula that compares the business activities of the unitary business in Maine with its activities "everywhere." 36 M.R.S.A. §§ 5102(8), 5211. The three factors, which are derived from the property (real property and tangible personal property) used, the sales made and the payroll paid by the taxpaying business, are considered to be a reliable reflection and thus objective measures of the corporation's business activities inside and outside the State of Maine. The factors are calculated as follows: the value of property used by the unitary business in Maine is divided by the value of property of the unitary business everywhere; the amount of sales made by the business in Maine is divided by the sales of the unitary business everywhere; and the Maine payroll of the business is divided by the payroll of the unitary business everywhere. The sum of the property, sales and payroll factors is divided by three to yield an apportionment ratio. The apportionment ratio is then multiplied by the corporation's apportionable business income to determine the net income of the business that can be said to be attributable to activities in Maine, and thus taxable by the State of Maine.[2] Because the factors are thought to accurately reflect the business activity of a unitary business such as Tambrands, the use of the three-factor apportionment formula has met with general approval. *See Container Corp.*, 463 U.S. at 165, 103 S.Ct. at 2940.

In utilizing the apportionment formula for the tax year 1984, the Assessor included as part of Tambrands' business income the dividends paid to Tambrands by the Foreign Affiliates.[3] The property used, sales made and payroll paid by the Foreign Affiliates, however, were completely excluded by the Assessor from the denominators of the factors in the formula. Contending that the property, sales and payroll of the Foreign Affiliates should have been taken into account by the Assessor and included in the apportionment formula,[4] Tambrands petitioned the State Tax Assessor for reconsideration of the assessment of the 1984 corporate income tax. *See* 36 M.R.S.A. § 151 (1990). Pursuant to section

2.

$$\frac{\left(\text{Maine Property} + \text{Maine Sales} + \text{Maine Payroll}\right)}{\left(\text{Property} \quad\quad \text{Sales} \quad\quad \text{Payroll}\right)} \div 3 = \text{Apportionment Ratio}$$
(Everywhere    Everywhere    Everywhere )

(Apportionment Ratio) × (Apportionable Business Income) = Maine Net Income

3. In 1984, Tambrands originally allocated its Foreign Affiliate dividends to nonbusiness income and did not include it in apportionable business income. On audit, the Assessor included the dividends in Tambrands' apportionable business income.

4. Omission of the property used, sales made and payroll paid by the Foreign Affiliates from the denominators of factors in the apportionment formula results in a higher apportionment ratio than would result if at least a portion of those amounts were included in the factor denominators. *See supra* note 2. In turn, multiplying Tambrands' apportionable unitary business income by a higher apportionment ratio results in a greater percentage of that income that is attributed to and taxed by Maine. Tambrands' position is that included in the denominators of the apportionment formula factors should be the same percentage of property, sales and payroll of each Foreign Affiliate as the percentage of net income that each Foreign Affiliate paid in dividends to Tambrands.

151 and M.R.Civ.P. 80C, Tambrands then appealed the denial of that reconsideration petition to the Superior Court. It is from the summary judgment in favor of the Assessor entered by the Superior Court that Tambrands appeals to this court.

The facts in this case are not in dispute, and therefore we review the record to determine if in denying the petition for reconsideration, the State Tax Assessor, applying the relevant law, rationally could have concluded that Tambrands failed to demonstrate the unconstitutionality of the apportionment formula. *Jackson Advertising v. State Tax Assessor*, 551 A.2d 1365, 1366–67 (Me.1988); *see Container Corp.*, 463 U.S. at 175, 103 S.Ct. at 2945.

■ In taxing the income of a nonresident corporation operating within its borders, Maine is limited to taxing that portion of the corporation's income attributable to business activity within the State of Maine. *Container Corp.*, 463 U.S. at 164, 103 S.Ct. at 2939. For Maine to tax income not so attributable violates the due process and commerce clauses of the United States Constitution. U.S. Const. amend. XIV; art. I, § 8, cl. 3. Although a state cannot tax the income of a corporation earned outside or not attributable to that state, a state is not without any power to tax the income of a business engaged in interstate and foreign commerce. Income of such a business may be taxed by the various states if that income is apportioned among the states and the foreign countries to reflect income that is attributable to those states. *Mobil Oil Corp. v. Commissioner of Taxes*, 445 U.S. 425, 436–37, 100 S.Ct. 1223, 1231, 63 L.Ed.2d 510 (1980).

■ Tambrands is a unitary business. Because the Foreign Affiliates are a part of that single business enterprise, the dividends paid by the Foreign Affiliates to Tambrands were properly included in the unitary business income that was apportioned to determine the amount subject to taxation by Maine. *Id.* at 438–39, 100 S.Ct. at 1232. Tambrands does not dispute its status as a unitary business, nor does it contend that Maine may not properly include the dividends received from its Foreign Affiliates in its business income to be apportioned to Maine. Tambrands' argument is with the apportionment itself. Its contention is that the formula used by the Assessor apportioned more of Tambrands' income to Maine than was warranted. Tambrands argues that because the dividends from the Foreign Affiliates were included in the apportionable business income of Tambrands, the apportionment formula also should have included at least part of the property, sales and payroll of the Foreign Affiliates.[5] Tambrands contends that the Assessor's failure to include at least a portion of the Foreign Affiliates' property, payroll and sales in the formula is inconsistent with the unitary business concept, and results in Maine taxing extraterritorial income in violation of the due process and commerce clauses of the United States Constitution. We agree.

■ In *Container Corp.*, the Supreme Court outlined two tests to aid in determining if an apportionment formula used by a state to tax corporate income fairly identifies that portion of the income that is attributable to activity in that state. *Container Corp.*, 463 U.S. at 169, 103 S.Ct. at 2942. The second of these tests, external consistency, requires that the income attributable to the state under the apportionment formula not be " 'out of all appropriate proportions to the business transacted' " in the state, or result in a gross distortion. *Container Corp.*, 463 U.S. at 169–70, 103 S.Ct. at 2942 (quoting *Hans Rees' Sons, Inc. v. North Carolina ex rel. Maxwell*, 283 U.S. 123, 125, 51 S.Ct. 385,

---

**5.** 36 M.R.S.A. § 5211(17) makes provisions in cases when the formula does "not fairly represent the extent of the taxpayer's business activity in this State" for the taxpayer to petition the Tax Assessor to include additional factors in the apportionment formula that "will fairly represent" that activity. Tambrands contends that pursuant to this section, we should order the Assessor to add to the apportionment formula a portion of the property, payroll and sales of the Foreign Affiliates. The Detroit formula, which Tambrands urges us to mandate the use of, includes in the formula a portion of the property, payroll and sales of the Foreign Affiliates. *See* 1 J. Hellerstein, *State Taxation* 557–58 n. 267 (1983).

386, 75 L.Ed. 879 (1931)). Tambrands does not rely on a violation of the external consistency test.[6]

■ The internal consistency test, upon which Tambrands does rely, is designed to determine whether an apportionment formula impermissibly interferes with free trade by not fairly apportioning taxable income to reflect the business conducted by a corporation within a state. *Armco v. Hardesty*, 467 U.S. 638, 644, 104 S.Ct. 2620, 2623, 81 L.Ed.2d 540 (1984). The application of the test in the formula apportionment context has not been fully developed by the Supreme Court. As set forth in *Container Corp.*, the test requires that the apportionment formula under challenge be applied, hypothetically, in every state and in every jurisdiction in which the unitary business operates and from which income is generated. 463 U.S. at 169, 103 S.Ct. at 2942. If, upon hypothetical application of the formula in all of the jurisdictions, no more than all of the income of the unitary business is taxed, the apportionment formula passes the internal consistency test and there is no constitutional violation. *See id.; Goldberg v. Sweet*, 488 U.S. 252, 261, 109 S.Ct. 582, 589, 102 L.Ed.2d 607 (1989).

In this case, if the Assessor's formula were applied in all of the jurisdictions in which Tambrands and its affiliates operate, more than 100% of Tambrands' income would be taxed. All of the business income of the Foreign Affiliates would be subject to tax by the foreign jurisdiction where the Affiliates reside. Furthermore, that part of the Foreign Affiliates' business income paid out as dividends to Tambrands, already fully subject to taxation by the foreign country, would be fully subject to taxation by federal and state jurisdictions in the United States because there is no commensurate inclusion of the Foreign Affiliates' property, payroll and sales in the denominators of the apportionment formula to proportionally reduce the income subject to taxation by United States jurisdictions.

■ The Assessor contends that because the tax base apportioned under the formula includes only that income of the unitary business that is taxable by the United States government,[7] the apportionment formula comports with the requirements of the internal consistency test. The Assessor argues that because only the combined federal taxable income of the unitary business is taxed under the formula, not more than 100% of that income would be taxed when the formula is applied hypothetically in all states and jurisdictions in which Tambrands and its affiliates operate. Although limiting the tax base to business income of the unitary business that is subject to United States taxation provides a rationale for excluding the factors of the Foreign Affiliates (since none of the Foreign Affiliates directly pays United States taxes on their income),[8] we find the Assessor's argument unpersuasive. The test of

6. There is evidence in the record that the formula advocated by Tambrands would result in a 1984 tax liability that is 14.9% less than Tambrands' tax liability for 1984 under the Assessor's formula. A 14.9% distortion is "within the substantial margin or error inherent in any method of attributing income among the components of a unitary business." *Container Corp.*, 463 U.S. at 184, 103 S.Ct. at 2950. Accordingly, the Assessor's formula, as applied to Tambrands' 1984 income, does not violate the external consistency requirement of the due process and commerce clauses. *See id.* at 169–70, 103 S.Ct. at 2942–43.

7. Because the apportionable tax base used by the Assessor includes only the income of the unitary business that is taxable by the United States government, the Assessor contends it is not impermissibly unfair for him to derive the apportionment ratio without including the property, sales and payroll factors of the Foreign Affiliates, which do not themselves pay United States taxes.

8. It is unclear under what provision of the statute the Assessor derives the authority to exclude from the apportionment formula the factors of the Foreign Affiliates. The Assessor points to 36 M.R.S.A. § 5220(5) (1984), *repealed by* P.L.1985, ch. 675, § 2, which provides that in combined income reporting, "[n]either the income nor the property, payroll and sales of a member corporation which is not required to file a federal income tax return shall be included in the *combined report*." (Emphasis added.) That language, which now appears in 36 M.R.S.A. § 5244 (1990), applies to combined reporting and would not appear to be applicable here.

internal consistency is not whether, when the Assessor's formula is applied hypothetically in all states and other jurisdictions where Tambrands operates, more than all of its *federal* taxable income is taxed. The test as enunciated in *Container Corp.* is whether more than 100% of Tambrands' *unitary business income* is subject to tax. *Container Corp.*, 463 U.S. at 169, 103 S.Ct. at 2942; *see also Goldberg*, 488 U.S. at 261, 109 S.Ct. at 589. Applying the Assessor's formula hypothetically in all of the jurisdictions in which the unitary business operates, more than 100% of the income of the unitary business would be subject to tax. Because it lacks internal consistency, the Assessor's formula is constitutionally flawed.

■ Even assuming that the Assessor's formula is constitutionally valid under the internal consistency test, it results in taxation of value extra-territorial to Maine and is contrary to due process when analyzed other than from the perspective of that test. First of all, the Assessor's formula does not follow the unitary business concept upon which it purports to be based. The Assessor is allowed to include the dividends of the Foreign Affiliates in the income of Tambrands subject to apportionment precisely because the Foreign Affiliates are part of the unitary business. *Mobil Oil*, 445 U.S. at 439, 100 S.Ct. at 1232. The Foreign Affiliates are indeed an integral part of that unitary business. The purpose of using an apportionment formula is to determine that portion of the income of the overall unitary business that is attributable to Maine. Yet Maine does not include in its apportionment formula any part of the property, payroll and sales of the Foreign Affiliates. If the unitary business concept is "the foundation for the inclusion of the dividends in the apportionable base of the tax," as *Mobil Oil* says it must be, then the "unitary concept ought to carry through to all aspects of the tax computation." 1 J. Hellerstein, *State Taxation* 599 (1983).

■ The Assessor's formula is also fatally flawed because it results in a distortion in the State's favor of the income of the unitary business that is attributed to Maine. The purpose of formula apportionment is to determine the amount of income of a unitary business that is attributable to Maine by comparing the business activities in Maine with the business activities everywhere and apportioning the business income accordingly. Those business activities are measured by factors derived from the property, sales and payroll of the unitary business, factors that have long been held to be reliable indicators of business activity. *See Container Corp.*, 463 U.S. at 165, 103 S.Ct. at 2940. The Assessor, however, removes from the factors in the formula, and thus from the apportionment, the property, payroll and sales figures that measure the business activity of the Foreign Affiliates. The ineluctable result is that more of the business activity of the unitary business is attributed to Maine than is the actual case. Thus, the income taxable by Maine under the Assessor's formula does not truly reflect Tambrands' connection with Maine and fails to meet the test of fairness required by the due process clause. *See American Tel. & Tel. v. Department of Revenue*, 143 Wis.2d 533, 422 N.W.2d 629, 636 (App.1988); *cf. NCR Corp. v. South Carolina Tax Comm'n*, 402 S.E.2d 666, 673–74 (S.C.1991); *NCR Corp. v. Comptroller of the Treasury*, 313 Md. 118, 544 A.2d 764, 781 (1988); *Homart Dev. Co. v. Norberg*, 529 A.2d 115, 121 (R.I.1987). Maine cannot, under the fairness principles of the due process clause requiring that the income it taxes be rationally related to values connected to the taxing state, include in Tambrands' "apportionable tax base income from its ... affiliates operating abroad ... [and] apportion such income by factors reflecting only [Tambrands' domestic] operations." W. Hellerstein, *Dividing the State Corporate Income Tax Base: Developments in the Supreme Court and Congress*, appearing in *The State Corporation Income Tax* 293 (C. McLure, Jr. ed. 1984).[9]

---

**9.** The only Justice of the United States Supreme Court to have directly addressed the issue be-

fore us concluded that an apportionment formula like that utilized by the Assessor here did not

Based on the foregoing, we are forced to conclude that Tambrands has met its "distinct burden of showing by 'clear and cogent evidence'" that Maine's apportionment formula results in extra-territorial values being taxed. *Container Corp.*, 463 U.S. at 164, 103 S.Ct. at 2939 (quoting *Exxon Corp. v. Wisconsin Dept. of Revenue*, 447 U.S. 207, 221, 100 S.Ct. 2109, 2119, 65 L.Ed.2d 66 (1980)). Because the apportionment formula employed by the Assessor is constitutionally defective, Tambrands urges us to remand to the Assessor and order that Tambrands' tax be apportioned under the Detroit formula. *See supra* note 5. We are reluctant to mandate that the Assessor apply any particular formula. A state is given wide latitude in selecting and applying apportionment formulas. *Moorman Mfg. Co. v. Bair*, 437 U.S. 267, 278–80, 98 S.Ct. 2340, 2347, 57 L.Ed.2d 197 (1978); *see Container Corp.*, 463 U.S. at 164, 103 S.Ct. at 2939. Rather, we remand for the assessor to include additional factors in the apportionment formula that will "fairly represent" Tambrands' business activity, consistent with constitutional due process. *See* 36 M.R.S.A. § 5211(17).

The entry is:

Judgment vacated. Remanded to Superior Court for remand to the State Tax Assessor.

**GLASSMAN, COLLINS and BRODY, JJ., concurring.**

pass constitutional muster. In *Mobil Oil*, Vermont taxed the income of Mobil Oil Corporation under an apportionment formula similar to the one employed by the Assessor here. Because Mobil did not raise at the administrative or state court level the noninclusion of the factors of Mobil's foreign subsidiaries and affiliates in the apportionment formula, the majority of the Court did not address the issue. *See Mobil Oil*, 445 U.S. at 441 n. 15, 100 S.Ct. at 1233 n. 15. Justice Stevens, however, wrote that

Unless the sales, payroll and property values connected with the production of the income by the payor corporations are added to the denominator of the apportionment formula, the inclusion of earnings attributable to those corporations in the apportionable tax

**WATHEN, Justice, dissenting.**

I respectfully dissent. Apportioning the income of a multi-national multi-state unitary business between different tax jurisdictions is a task that has been aptly described as attempting to slice a shadow. Solely at issue in the present case is the application of the internal consistency test to the apportionment formula specified by Maine law and used extensively in other states. Because of the subject matter, the argument on both sides is somewhat arcane and impenetrable. In the final analysis, however, the taxpayer has failed to demonstrate that, if applied by every jurisdiction, the Maine formula would result in more than all of the unitary business' income being subjected to the same tax. Thus the internal component of the requirement of fairness imposed by the federal due process and commerce clauses is satisfied.

The fairness of any apportionment formula is first tested by assuming the use of the same formula in all taxing jurisdictions. *See Container Corp. of America v. Franchise Tax Board*, 463 U.S. 159, 169, 103 S.Ct. 2933, 2942, 77 L.Ed.2d 545 (1983). Internal consistency is established if, hypothetically and in the abstract, the use of the formula would not result in the *same* tax being imposed on more than all of the taxpayer's unitary business income. The point of divergence in the position of the parties is illustrated by the following example: A taxpayer (T), through its affiliates, conducts a unitary business in State A, State B and a wholly owned subsidiary (F) in foreign country. Two hundred dollars

base will inevitably cause Mobil's Vermont income to be overstated.
Either Mobil's worldwide "petroleum enterprise" is all part of one unitary business, or it is not; if it is, Vermont must evaluate the entire enterprise in a consistent manner.
....
"Obviously, if the foreign source income is included in the base for apportionment, foreign property, payrolls and sales must be included in the apportionment fractions."
*Id.* at 460, 461 & n. 16, 100 S.Ct. at 1243 & n. 16 (Stevens, J., dissenting) (quoting Rudolph, *State Taxation of Interstate Business: The Unitary Business Concept and Affiliated Corporations* 25 Tax L.Rev. 171, 205 (1970)) (citations omitted).

of income is earned from the domestic operations and the apportionment factor, derived by comparing domestic property, sales and payroll, is 50% for both State A and B. F earns one hundred dollars of operations income and fifty dollars is distributed as a dividend to the T. Tambrands calculation of the amount of business income subject to tax by application of the Maine formula is illustrated in the following:

| Company | Operating Income | Jurisdiction | Operating Income Subject to Apportion-ment | | Dividend Income Subject to Apportion-ment | | Total Income Subject to Apportion-ment | | Apportion-ment factor | | Total Apportioned Taxable Income |
|---|---|---|---|---|---|---|---|---|---|---|---|
| T | $200 | A | $200 | + | $50 | = | $250 | × | 0.5 | = | $125 |
|  |  | B | $200 | + | $50 | = | $250 | × | 0.5 | = | $125 |
| F | $100 | F | $100 | + | –0– | = | $100 | × | 1.0 | = | $100 |
| Total income | $300 | Total Income Subject to Tax |  |  |  |  |  |  |  |  | $350 |

Tambrands contends that the formula fails the test because, as the example illustrates, more than 100% of its unitary business income would be taxed. The State Tax Assessor argues that Tambrands has impermissibly changed the tax base by including all of the income of F. The assessor contends that if all jurisdictions, including F, applied the Maine formula and imposed an identical tax on the same tax base, the test is satisfied. Under such circumstances, none of the apportionable income, namely, the two hundred and fifty dollars included in federal taxable income, would be apportioned to F. State A and B would each tax one hundred and twenty-five dollars. Thus, the formula would not impose a tax on more than 100% of the unitary business income.

Maine employs what Tambrands labels a "water's-edge unitary tax method." Under Maine law the net income subject to the Maine tax is determined by combining the federal taxable income of all members of the unitary business that are required to file federal income tax returns (ordinarily that would only include members domiciled in one of the states of the United States), and apportioning that income. *See* 36 M.R.S.A. § 5102(8). Under 36 M.R.S.A. § 5220(5), "[n]either the income, nor the property, payroll and sales of a ... corporation [that is part of the unitary business]

which is not required to file a federal tax return shall be included in the combined report." [1] Moreover, the record before us demonstrates that the assessor has consistently construed the formula as applying only to the property, payroll and sales of all members of the unitary business which were required to file a federal tax return in the year at issue.

In my judgment, although the United States Supreme Court has not yet ruled on this issue, an apportionment formula is tested for internal consistency by assuming the imposition of an identical tax on the same tax base. Admittedly, the resulting analysis is contrived and incomplete. It must be remembered, however, that we are dealing with only one of several constraints imposed on an apportionment formula. Tambrands does not raise any question about the external consistency of the Maine formula. Accordingly, we have no occasion to consider whether the formula actually reflects "a reasonable sense of how income is generated," or results in a gross distortion. *Id.* We need go no further than holding that the formula is internally consistent.

I would affirm the judgment.

---

1. This language is now found in 36 M.R.S.A. § 5244 (1990). P.L.1985, ch. 675, §§ 2, 3.